**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN O'CONNELL,

               Petitioner – Appellant,

   v.

KELLY HARRINGTON, Warden,

               Respondent – Appellee.

No. 08-16500

D.C. No. 5:01-CV-20863-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted February 16, 2011
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL,[**] District Judge.

Petitioner Kevin O'Connell appeals from the district court's denial of his

Section 2254 habeas corpus petition, in which he challenged his sentence under the

California three strikes law. Mr. O'Connell argues that his due process rights were

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Tena Campbell, Senior United States District Judge for the District of Utah, sitting by designation.

violated because he was shackled during the guilt and sentencing phases of the bifurcated trial proceedings. Mr. O'Connell also asks the Court to expand the Certificate of Appealability to address a Miranda issue.

Mr. O'Connell's request that the Court issue a certificate of appealability on the Miranda issue is denied. Mr. O'Connell did not make a substantial showing that the events related to the recorded custodial interrogation resulted in the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

His appeal of the two certified issues fails on the merits. The sufficiently developed state court record does not contain any evidence that the jury saw or knew of Mr. O'Connell's shackles during the guilt phase. Indeed, Mr. O'Connell's trial counsel admitted that a jury instruction regarding physical restraints was not necessary because the shackles were not visible to the jury. No constitutional error occurred during the guilt phase. Ghent v. Woodford, 279 F.3d 1121, 1132 (9th Cir. 2002). But even if a constitutional error occurred, the overwhelming evidence of Mr. O'Connell's guilt rendered any such error harmless. Cox v. Ayers, 613 F.3d 883, 891 (9th Cir. 2010).

During the sentencing phase, although the jury clearly saw Mr. O'Connell's shackles, any constitutional error was harmless because Mr. O'Connell revealed

his shackles only after the presentation of overwhelming evidence (including Mr. O'Connell's testimony) that he had three convictions qualifying him for sentencing under California's three strikes law.  Id.

In sum, Mr. O'Connell failed to show that the "state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

**AFFIRMED.**